NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDI MASELLI and ICAP SERVICES NA LLC, | Civ. No. 16-0080 |
| Plaintiffs | **OPINION** |
| v. | |
| BMW FINANCIAL SERVICES NA, LLC, | |
| Defendant. | |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the motion of Plaintiff Sandi Maselli ("Maselli") to remand the case to the Superior Court of New Jersey, Law Division, Monmouth County, and to vacate the Court's February 1, 2016 Order issuing a writ of replevin. (ECF No. 26). Plaintiff moves to vacate the February 1, 2016 Order under Federal Rule of Civil Procedure 60(b)(4). (*Id.*). Defendant BMW Financial Services NA, LLC ("BMW") opposes. (ECF No. 38). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Maselli's motion will be granted in part and denied in part.

BACKGROUND

      This case involves the alleged breach of five contracts for vehicle leases between Maselli and BMW. Maselli is allegedly the CEO of ICAP Services NA LLC ("ICAP"). Through ICAP, Maselli leased five vehicles from BMW in a series of transactions between June and September 2015. BMW alleges that Maselli failed to pay for the vehicles after the initial payments.

Subsequent to the alleged failures to pay, BMW terminated the leases, but Maselli did not return the vehicles. As a result, BMW repossessed two of the five vehicles on October 20, 2015.

Maselli filed suit in state court on November 5, 2015, although BMW alleges that it was not served with the complaint until December 7, 2015. In the complaint, Maselli asserts that BMW improperly and fraudulently repossessed his vehicles without adequate notice. Maselli also alleges that during the repossession, BMW breached the peace, assaulted Maselli and his son, and damaged another vehicle owned by Maselli.

On January 6, 2016, BMW removed the complaint to federal court on the basis of diversity jurisdiction. (ECF No. 1). In notifying the state court of the removal, BMW learned from the court that Maselli had filed an amended complaint on December 7, 2015, which among other things, added Morristown BMW as a defendant. However, neither BMW nor Morristown BMW had been served with this pleading. Therefore, BMW proceeded to remove the case. BMW notified Maselli of the removal of the original complaint on January 6, 2016. Two days later, on January 8, 2016, Maselli served BMW and Morristown BMW with the amended complaint from the state court litigation, even though the state court no longer had jurisdiction.

Meanwhile, in federal court, BMW answered Maselli's complaint and filed a variety of counterclaims. (*Id.*). On January 8, 2016, BMW filed a motion for a writ of replevin and a temporary restraining order. (ECF No. 2). BMW requested that the Court order the seizure of the three leased vehicles still in Maselli's possession, as well as an order restraining Maselli from hiding or disposing of the vehicles in any way. A hearing was held on January 13, 2016, and the parties stipulated to temporary restraints preventing Maselli from hiding or disposing of the disputed vehicles, and allowing BMW access to inspect the vehicles. (ECF No. 11).

On January 29, 2016, the Court held a hearing on BMW's motion for a writ of replevin and a preliminary injunction. The Court granted BMW's motion, and on February 1, 2016, the Court entered a writ of replevin and a preliminary injunction ordering Maselli to turn over the three vehicles in his possession. (ECF No. 22). Maselli turned over two vehicles on February 2 and one vehicle on February 3, 2016. Then, on February 10, 2016, Maselli filed an answer to BMW's counterclaim along with an additional claim against BMW and a third-party complaint. (ECF No. 25). The third-party complaint added claims against Federal Recovery LLC, the repossession company that repossessed two of Maselli's vehicles on October 20, 2015. On February 11, 2016, Maselli filed a motion to remand the case to the Superior Court of New Jersey and to vacate the replevin order entered on February 1, 2016. (ECF No. 26). This motion is presently before the Court.

## DISCUSSION

A. Legal Standards

   *1. Remand*

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a), (b). However, the federal court to which the action is removed must have subject matter jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be

remanded to state court. 28 U.S.C. § 1447(c). The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

    2. *Vacation under Rule 60(b)(4)*

Federal Rule of Civil Procedure 60(b)(4) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceedings [if] . . . the judgment is void." A void judgment "is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction over the subject matter or the parties or entered a decree which is not within the powers granted to it by the law." *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted).

But not just any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of a void judgment narrowly. *Id.* at 422 n.19. Thus, "a judgment will be rendered void for lack of subject matter jurisdiction only where there is a total want of jurisdiction or in the rare instance of a clear usurpation of power." *United States v. Zimmerman*, 491 F. App'x 341, 344 (3d Cir. 2012) (citation omitted); *see also United Student Aid Funds, Inc.,* 559 U.S. at 271 (noting that courts generally find a "judgment is void because of a jurisdictional defect . . . only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction") (citation omitted).

4

B. Analysis

Maselli first argues that the Court should remand this case to the Superior Court of New Jersey because this Court lacks subject matter jurisdiction. Maselli notes that the Court's jurisdiction is premised on diversity of citizenship, and argues that the presence of defendant Morristown BMW, a New Jersey citizen, destroys diversity because plaintiff Maselli is also a New Jersey citizen.

BMW disagrees that the presence of Morristown BMW destroys diversity, on the grounds that (1) Morristown BMW was not a party when the case was removed; (2) Maselli has not proven Morristown BMW's citizenship; and (3) the claims against Morristown BMW are severable. Nonetheless, BMW consents to remand on the grounds that the joinder of a new defendant, Federal Recovery LLC, on February 10, 2016 destroyed diversity jurisdiction. Both Maselli and BMW agree that defendant Federal Recovery LLC is a New Jersey citizen, as is Plaintiff Sandi Maselli. BMW argues that the remand issue is "moot" because the parties are drafting a stipulation agreeing to remand of the case. However, this stipulation has not yet been filed with the Court. Given the above and BMW's lack of opposition to this motion, the Court will grant the portion of Maselli's motion requesting remand.

Maselli next asks the Court to vacate its February 1, 2016 Order granting BMW a writ of replevin, pursuant to Rule 60(b)(4). Maselli argues that the February 1, 2016 Order should be vacated because the judgment was void, as the presence of defendant Morristown BMW destroyed jurisdiction.

The Court finds that it did have jurisdiction to enter the February 1, 2016 Order. BMW established that it had not yet been served with Maselli's amended complaint at the time the case was removed. (*See* ECF Nos. 1, 9). Consequently, the original complaint,

which did not include Morristown BMW, was the operative pleading at that time. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (evaluating removability at the time the petition for removal was filed); *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (same); *see also* N.J. Ct. R. 1:5-1 (requiring that all pleadings subsequent to the original complaint be served upon all attorneys of record). BMW completed all of the procedural steps necessary for removal, including filing the notice of removal in state and federal court and providing written notice to adversary parties. *See* 28 U.S.C. § 1446(d). Because the matter was successfully removed to federal court on January 6, 2016, any further proceedings in the state court were void. *See id.*; *Metro. Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 566 (1941). Therefore, Maselli's January 8, 2016 attempt to serve BMW with the amended complaint for purposes of the state court litigation was void.

While Maselli could have petitioned this Court for leave to file an amended complaint, he did not do so. Nor did Maselli seek to add a defendant pursuant to Federal Rule of Civil Procedure 20 or 28 U.S.C. § 1447(e), the statute that governs the post-removal joinder of non-diverse defendants.[1] This means that Morristown BMW was not made a party to the lawsuit in federal court, and so did not destroy diversity jurisdiction.

Moreover, Maselli is not entitled to relief under Rule 60(b) because the February 1, 2016 Order is not a final order. Rule 60(b) allows the court to relieve a party from "a final judgment, order, or proceeding." Fed. R. Civ. Pro. 60(b). The Advisory Committee clarifies that

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence

---

[1] Section 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

>  interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. Pro. 60(b) advisory committee's note to 1946 amendment. Accordingly, the Third Circuit has ruled that interlocutory orders such as the writ of replevin in this case do not fall within the scope of Rule 60(b). *Penn W. Associates, Inc. v. Cohen*, 371 F.3d 118, 124-25 (3d Cir. 2004); *Torres v. Chater*, 125 F.3d 166, 167-68 (3d Cir. 1997).

## CONCLUSION

For the reasons above, the Court will grant Maselli's motion in part and deny it in part: the case will be remanded to the Superior Court of New Jersey, Law Division, Monmouth County, but this Court's February 1, 2016 Order will not be vacated. An appropriate order follows.

*/s/ Anne E. Thompson*
Anne E. Thompson, U.S.D.J.

**Date:** March 31, 2016